DECISION
This matter is before the court on the appeal of Nemiah Armstrong (plaintiff) from a decision of the Rhode Island Department of Human Services (DHS) reducing the plaintiff's household benefits under Aid to Families with Dependent Children (AFDC). Plaintiff seeks a reversal of DHS's decision and restoration of any benefits unlawfully denied or withheld. Plaintiff also requests attorney's fees under G.L. 1956 (1993 Reenactment) § 42-92-1 et seq. Jurisdiction is pursuant to G.L. 1956 (1993 Reenactment) § 42-35-15.
Facts and Case Travel
Plaintiff became a recipient of AFDC benefits in October 1992. The plaintiff's household consisted of himself and three children. Plaintiff was a mandatory participant in DHS's Pathways to Independence Program (Pathways), an education and employment program. Up until June 1994, the plaintiff participated in classes and training through Pathways under an agreed upon Educational Training and Employment Plan (ETEP).
When the plaintiff's ETEP ended in June, plaintiff, on his own initiative, attended an activity through the Northern Rhode Island Private Industry Council (Northern). Plaintiff informed Pathways of his participation in a Northern activity. (Record at 15.) Pathways never established a new ETEP for this period of time. (Record at 16.) In early fall 1994, Pathways arranged for a job developer to contact plaintiff about a job referral. The job developer contacted the plaintiff, and the plaintiff responded that he could not accept the job until he was fitted for a foot brace in two weeks. The plaintiff explained that he had back problems which caused a "drop foot." (Record at 8, 24.)
In response to the plaintiff's failure to accept the job referral, Pathways informed plaintiff by mail that he was "failing to comply with Pathways Program requirements" and scheduled a conciliation meeting for October 12, 1994, in order to resolve the issue. (DHS Exhibit 1.) Plaintiff did not appear for the scheduled meeting but visited Pathways the next day on October 13. At the conciliation meeting, the Pathways social worker requested the plaintiff to have his physician complete medical form C-1b in order to document his back problems. The Pathways social worker warned that if the C-1b medical form was not returned within two weeks she would be compelled to recommend sanctions against the plaintiff. The plaintiff did not return form C-1b within the allotted conciliation time period.
On November 9, DHS sent a notice to the plaintiff which stated, "you are being taken out of the AFDC and FS eff. 11/30 because you did not comply with Pathway." (DHS Ex. 4.) The DHS followed this up with another notice, dated November 10, which delineated the reductions in plaintiff's benefits starting December 1. (DHS Ex. 5.) On November 14, plaintiff filed an appeal of DHS's decision to reduce his benefits. The DHS set the hearing for January 23, 1995, and mailed a copy of plaintiff's Request for a Hearing form which now included DHS's comments on their decision to reduce benefits. DHS cited DHS Manual sect. 0551.40.05 and stated, "conciliation appointment was held 10-13-94 to discuss nonparticipation. Mr. Armstrong indicated back problem as barrier to certain jobs. Documentation requested was never received. Pathways recommended sanction 11-05-94." (Item 1 of Affidavit Re Nemiah Armstrong.)
After an advertised hearing, the appeals officer rendered a decision on March 13, 1995. (See, DHS Decision dated March 13, 1995.) The hearing officer found that the plaintiff was referred for a job interview (Decision at 14) and made a "de facto refusal to participate in a Pathways activity when he failed to document his medical limitations." (Decision at 15.) The hearing officer further found that the plaintiff's repeated failure to keep Pathways appointments, along with his failure to submit medical form C-1b, contributed to DHS's decision to sanction plaintiff. (Decision at 14-15.) The hearing officer sustained DHS's actions in sanctioning plaintiff and reducing his household AFDC benefits.
From this decision, the plaintiff filed a timely appeal. The plaintiff appeals on the grounds that DHS (1) provided inadequate notice to plaintiff of the reasons for the sanction, (2) acted contrary to federal and state law, and (3) issued a sanction clearly erroneous in view of substantial evidence on the record as a whole. DHS responds that the sanction was supported by evidence on the record, and notice was adequate.
Standard of Review
The scope of this court's review of decisions of administrative agencies, including decisions of the Department of Human Services, is defined by R.I. Gen. Laws 1956, § 42-35-15
as follows:
 The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
Pursuant to § 42-35-15, a reviewing court cannot substitute its judgment for that of the agency in regard to the credibility of the witnesses or the weight of the evidence concerning questions of fact. Costa v. Registry of MotorVehicles, 543 A.2d 1307, 1309 (R.I. 1988). An administrative decision will be reversed only if it is clearly erroneous in light of the reliable, probative and substantial evidence contained in the record. Id. If there is competent evidentiary support for the agency's determination, the determination will not be disturbed. Guarino v. Department of Social Welfare,122 R.I. 583, 410 A.2d 425.
Notice
A recipient of public assistance is entitled to "adequate notice detailing the reasons for a proposed termination . . ."Goldberg v. Kelly, 397 U.S. 254, 267 (1970). This is particularly important in cases where factual premises are challenged and an incorrect application of rules is alleged. Id. at 268.
The Rhode Island Supreme Court further defined the adequacy of notice in Avanzo v. R.I. Department of Human Services,625 A.2d 208 (R.I. 1993). In Avanzo the termination notices sent to public assistance recipients "did not contain individualized reasons applicable to the recipient." Id. at 210. The court said individualized notice was required in order for the recipient to prepare for a meaningful hearing. The court stated, "[recipients] were unaware of the manner in which they failed to meet such standards . . . and were therefore deprived of a meaningful opportunity to be heard . . ." Id. at 211. The court affirmed the Superior Court's finding that DHS had failed "to apprise the recipients of the specific grounds for the agency's determination." Id. at 209.
In our present case, the record demonstrates that plaintiff never received specific reasons for the reduction of his AFDC benefits in any of the notices he received before the DHS appeals hearing. Plaintiff's notice of termination gave only the general conclusory statement "you did not comply with Pathway" as its reason for reducing benefits. On plaintiff's notice of the hearing date, a DHS official wrote in "sect. 0551.40.05" as a manual citation, but among some factual description stated only "[d]ocumentation requested was never received" as a reason for reducing benefits.
This Court has found that these types of general, conclusory reasons are inadequate for valid notice. Flynn v. R.I. Departmentof Human Services, PC 93-2806, Jan. 29, 1995, Fortunato, J. InFlynn, Ms. Leighton's notice consisted of the phrase "no evidence of total and permanent incapacity" and a citation of DHS Manual sections. The court there found that mere citation of DHS Manual sections could not alone constitute adequate notice. Flynn, at 110. The general notice found invalid in Flynn is similar to the notice received in the present case. In the instant case, likeFlynn, "a specific and detailed declaration should have been provided [the plaintiff] so that [he] could meet the Agency's position with information of [his] own at a "meaningful hearing."Id.
The DHS relies on Zabchuck v. R.I. Department of HumanServices, C.A. No. 93-3072, Nov. 30, 1993, Wiley, J., wherein the plaintiff was accorded adequate notice because he was treated as an individual throughout the process. From a reading of Avanzo
the reader concludes that specific reasons in notice (not only individual treatment) are necessary to apprise the recipient of how to prepare for the hearing. In Zabchuck the court looked at the entire process in finding that the plaintiff did not suffer any surprise at what took place at the hearing.
In reviewing the entire "process" of the conciliation phase in the instant case, there is substantial evidence of record that the plaintiff was not given adequate pre-hearing notice. At the conciliation meeting plaintiff's caseworker informed him only that he needed to return form C-1b filled out by his physician or else he would be sanctioned. (Record at 17.) She never told the plaintiff that he was under threat of sanction for failing to appear for a job referral, refusing to accept employment, or repeatedly failing to show up for interview appointments, all valid reasons for sanctioning a Pathways client for defacto nonparticipation in Pathways activities. (DHS Manual, 0551.40.10.) Furthermore, the record is devoid of any evidence that any of the above factors was ever discussed. As has been noted previously, none of these factors was ever mentioned on the written notice mailed to the plaintiff. Even under the Zabchuck
analysis of notice, it is clear that the plaintiff received inadequate notice throughout the entire process.
In addition Rhode Island's statutory framework calls for "individualized reasons and specific grounds." (G.L. Compiler's notes to § 40-6-13) and a "detailed statement" (G.L. §42-35-9 (6)(4)) for notice of intention to terminate or reduce a recipient's benefits. Both the caselaw and statutory framework demonstrate that DHS's notice was in violation of such statutory provisions.
DHS Regulation
Additionally, the appeals officer made erroneous findings in view of the substantial evidence of record. The appeals officer did not match specific facts to the specific relevant DHS Manual sections for defacto refusals to participate in Pathways activities.
In the appeals officer's decision, three possible de facto refusal factors could have applied; (1) "refusal of a job referral, (2) refusal of employment, and (3) repeatedly missing appointments. (DHS Manual 0551.4010). However, all of the factors are inapplicable. The plaintiff did not impermissibly refuse a job referral because he did not have a current ETEP in force at the time of the referral. Neither did plaintiff refuse to accept employment, as the appeals officer found that the call from the job developer constituted a "job interview" referral. (Decision, at 14.) Finally, DHS documented only one missed appointment — the conciliation meeting of Oct. 12 — and had no written documentation of others, as required under DHS Manual 0551.40.05. Clearly, the findings of DHS were not supported by the substantial evidence on record.
Attorney's Fees
The notices in this case were sent well after our Supreme court's Avanzo decision which explained requisite notice. The notice provided to the plaintiff did not contain the requisite, specific reasons under the Avanzo standard. This Court finds that DHS did not have "substantial justification" under G.L. §42-92-1, nor did DHS have "a reasonable basis in law or fact" for its position. G.L. § 42-92-2 (f).
Accordingly, the plaintiff's request for attorney's fees is granted.
Conclusion
After review of the entire record this court finds that the decision of DHS was made in violation of constitutional (14th amendment of the United States Constitution and art. I, sec. 2 of the Rhode Island Constitution) and statutory provisions and was clearly erroneous in view of the reliable, probative evidence such that substantial rights of the appellant have been prejudiced. Accordingly, the decision rendered by the DHS appeals officer on March 13, 1995, is reversed. The plaintiff is restored all present and past benefits, retroactively to the date when they were improperly denied. Any sanction imposed as a result of the appeals officer's decision is hereby removed. Finally, plaintiff's § 42-92-1 request for attorney's fees is granted.
Counsel shall submit the appropriate judgment for entry.